DESIRE FORTEIN ET AL., RESPONDENTS, v. THE DELA-WARE, LACKAWANNA AND WESTERN RAILROAD COM-PANY, APPELLANT.

Argued December 1, 1916—Decided March 5, 1917.

1. Where it appears from the evidence that the place where an accident happened was a portion of the ferry premises as actually used by a ferry company, and with respect to which, therefore, it was the duty of the company to exercise reasonable care to make the premises safe for the use of its passengers, it is not a defense in an action for damages resulting to a passenger from want of repair that the *locus in quo* was not within the premises demised to the ferry company.
2. Where an accident happens in another state and the injured party sues for damages resulting from that accident in a court of this state, and it is not shown that in the situation presented there could be no recovery as matter of law in the state where the injury happened, and there is sufficient evidence to go to the jury upon the question of damages having been sustained by the plaintiff, the *lex fori* governs.

On appeal from the Hudson County Circuit Court.

For the appellant, *Frederic B. Scott.*

For the respondents, *William F. Burke.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This case presents an appeal from a judgment entered on a verdict of a jury in favor of the plaintiff, Desire Fortein, for personal injuries, and of her husband, Pierre Fortein, for loss of services and expenses incident to his wife's injury.

The defendant was, a common carrier of passengers by ferry-boats plying between Hoboken, in this state, and a certain ferry-house at the foot of Christopher street, in the city and State of New York. The plaintiff Desire Fortein on a certain day became a passenger on one of the ferry-boats of the appellant, which she boarded at Hoboken and departed from it after it tied up at the ferry-house at Christopher street, New York. Upon leaving the boat, she walked along the passageway which had a plank floor and thereafter over an asphalt pavement, intending to go through a line of posts which marked the outward boundary of what was, apparently, the ferry premises, and the place from which trolley cars started. There were many other passengers, some in front and others behind her. The people were close around her, which necessarily obscured her view. Before reaching the posts, her foot got in a hole in the asphalt pavement and she fell, receiving injuries which were the subject of her complaint. Over this asphalt pavement, and extending to the line of posts, was a covered shed upon the front of which was displayed the name of the company and the word "entrance."

The underlying question is as to whether the place where the accident happened was a portion of the ferry premises with respect to which it was the duty of the defendant to exercise reasonable care to make them safe for the use of the plaintiff and other passengers. Not only was this place under the shed, and, as far as outward appearances were concerned, a portion of the ferry premises, but it was the way in which it was necessary for the passengers to cross upon entering the shed and alighting from trolley cars.

The grounds of appeal are two—*first,* because the trial court refused to direct a verdict in favor of the appellant, and *second,* because the trial court refused to charge certain re-

quests to the jury. It is unnecessary to particularize the subdivisions of the first ground. Such of them as are substantive will be treated of in the opinion. The second ground was not argued, and will therefore be considered to have been waived and abandoned and will not be considered in this court. *State* v. *Heyer,* 89 *N. J. L.* 187.

The Christopher street ferry property belongs to the city of New York and was the subject of a lease to the Hoboken Ferry Company, which was taken over by the appellant. The property leased includes the ferry-slip, piers and ferry-house structure, and extends from a point in the Hudson river easterly to the sea wall or bulkhead at which the ferry was located. From the bulkhead easterly into West street, New York, was the superstructure of the ferry-house building, and beyond the bulkhead, and under the ferry structure shed, were certain traffic posts owned by the appellant. These were placed on the asphalt pavement, which appellant claims is a continuation of the pavement of West street proper. It is in evidence that the employes of the appellant were accustomed to sweep up the entire asphalt pavement out to the row of posts through which, as already remarked, passengers to and from the ferry-boats were compelled to go. Even if the section of the asphalt where the accident happened was part of West street, New York, it was not obviously so. On the contrary, it appeared to be just the reverse, as it was under the ferry-house and inside of the sign "entrance" to the ferry.

The appellant claims that it was not obliged to repair the premises at the place where the accident occurred. Apparently, the *locus in quo* was not within the premises demised to the appellant; nevertheless, on the facts stated, it cannot be said, as matter of law, that there was no liability on the part of appellant. It appears from the evidence that the place where the accident happened was a portion of the ferry premises as actually used by the appellant, and with respect to which, therefore, it was the duty of the appellant to exercise reasonable care to make those premises safe for the use of its passengers, of whom the plaintiff Desire Fortein was one.

The decisions are quite uniform, to the effect that such a situation as above described created a liability for accidents happening by the ostensible owner's negligence.

In *Delaware, Lackawanna and Western Railroad Co.* v. *Trautwein,* 52 *N. J. L.* 169, it was held in this court that the duty of a railroad company as a common carrier of passengers does not end when a passenger is safely carried to the place of destination, but that the company must also provide safe means of access to and from its stations for the use of passengers, and the passengers have a right to assume that the means of access provided are reasonably safe.

In *Yetter* v. *Gloucester Ferry Co.,* 76 *N. J. L.* 249, Chief Justice Gummere, writing the opinion for the Supreme Court, commenting upon Delaware, Lackawanna and Western Railroad Co. *v.* Trautwein, remarked that the rule there enunciated applied, of course, to ferry companies as fully as to railroad companies; that the duty as to safety of landing applies not only to the immediate means of getting on and off the boats, but requires a ferryman to use care to furnish passageways between the ferry-house and the street; that to the same effect was *Exton* v. *Central Railroad Co.,* 62 *N. J. L.* 7; *S. C. on error,* 63 *Id.* 356, where it was held that the company was liable for injuries resulting to the plaintiff from the unsafe condition of the walkway outside of its ferry-house, which was provided by the company for the use of travelers to its ferry-boats and railroad trains.

The defendant, in Yetter *v.* Gloucester Ferry Co., contended that the general rule, just stated, was not applicable in that case, for the reason that the pier at which it discharged passengers did not belong to it, but to another company. The Chief Justice held that the ownership of the pier, however, was immaterial so far as the defendant's liability was concerned, that it was the landing place supplied by it to the plaintiff, and it owed her the duty of using care to see that it was safe for her use. The doctrine thus enunciated has equal application to a way under a ferry shed leading to a street, which, though it may be part of the street, is under the shed and inside of the sign of the ferry company labeled

"entrance," and used by the passengers of the company in going to and from the ferry-house—especially when it is the only way provided or usable for the purpose.

· The appellant contends that as the accident to the respondent happened in the State of New York, the duties and obligations of the appellant must be measured by the law of that state. The doctrine contended for, as applied to the case at bar, concerns only the question as to whether or not there was sufficient evidence to go to the jury upon the question of damages having been sustained by respondent, and this question, as has been decided by this court, is governed by the *lex fori*. *Ferguson v. Central Railroad Co.,* 71 *N. J. L.* 647. The New York cases cited in the brief of counsel for appellant on this head do 'not show that in the situation presented in the case at bar, there could be no recovery by respondents, as matter of law, in the courts of that state. Besides, it was held by our Supreme Court in *Ackerson v Erie Railroad Co.,* 31 *N. J. L.* 309, that an action will lie in this state for a tort to the person committed in another state. In that case the plaintiff was injured by the carelessness of the defendant while riding in a car on its railroad in the State of New York, and it was held that the action was transitory and that it was well brought in this state.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.